COVENANT.                       ╲ *Owens vs. Holliday.*

Case 56.                Error to the Clarke Circuit; GEO. SHANNON, Judge.

*Bank note contracts.    Evidence.   Judicial notice.   Judgment.    Interest.   Amendment.   Error.*

June 6.             Judge OWSLEY delivered the Opinion of the Court.

                        HOLLIDAY sued Owens, in covenant, and declar-
Declaration      ed on a note, dated the 3rd of March, 1823, for one
on a cove-       hundred dollars in commonwealth's Bank paper,
nant for bank    payable the first of January thereafter.
notes, dated
in 1823.
                        Upon the declaration Holliday endorsed that he
Endorsement      was willing to accept, in discharge of the judgment
for bank         to be rendered, either notes on the bank of the com-
notes.           monwealth, or notes on the Bank of Kentucky, or
                 any of its Branches.

                        Owens failed to appear to the action, and an enqui-
Verdict for      ry of damages was awarded by the court.   One
damages          hundred and eighteen dollars and fifty cents, dama-
equal to prin-   ges, were assessed by the jury; and judgment was
cipal and in-    thereupon rendered by the court, "that Holliday re-
terest, and      cover of Owens the damages aforesaid, by the jurors
judgment for     in their verdict aforesaid assessed, and also his cost,
money.           by him about his suit in this behalf expended."

                        No question of law appears to have been made on
                 the trial in the circuit court, nor was there any ap-
                 plication for a new trial.

                        The assignment of errors is predicated upon the
In case of       supposition, that this is one of those cases which
covenant for     came within the act of the Legislature of this coun-
bank notes,      try, authorizing the recovery of bank paper specifi-
within the       cally, and goes to question the correctness of the
act authoriz-    judgment, in not conforming to the provisions of
ing the recov-   that act.
ery in kind,
the judgment
ought to be             There is evidently no conformity between the
but for the      judgment required to be rendered by the act, and
nominal          that which was entered in this case, either in the
amount to be     amount, or in the thing by which the judgment is
discharged in    to be discharged.   This judgment is not for the pre-
the bank pa-     cise nominal amount of the note sued on, nor is it
per.             entered to be discharged in notes of the bank; and
                 by the directions of the act, the judgment is *not on-
                 ly* required to be entered for the nominal amount

of the note, but moreover, that amount is requir- ed to be entered in the judgment, to be discharged in bank paper.

Were the present case admitted to be one, there- fore, that comes within the provisions of the act, we should have no hesitation in saying, that the judgment could not be sustained. But is not under- stood to be such a case. The note sued on bears date prior to the passage of the act, and the act has heretofore been construed not to apply to contracts made before its passage.

Uncontrolled by the act, the judgment was cor- rectly rendered without regard to bank paper. It could not, in fact, have been regularly entered to be discharged in bank paper. It required the exer- tion of Legislative power to authorize judgment to be rendered for bank paper in any case, and it is on- ly in cases to which the act of the Legislature ap- plies, that judgment can now be rendered in that commodity.

The damages, it is true, are greater than the nom- inal amount of the note sued on, and as men, we may know that the paper of the bank has never been equal in value to gold or silver. But there ap- pears to have been no objections to the assessment of damages made by the jury in the circuit court, and after being acquiesced in there by the parties, it is not for us, *ex officio*, to take notice of the value of bank paper, and overturn the verdict and judgment because the jury has placed too high an estimate on the paper.

But there appears, from a return made by the clerk of the court below, to a *certiorari* which went from this court, that at a term subsequent to render- ing the original judgment, and since the cause has been in this court, an amendment has been made to the judgment by that court, so as to make it dis- chargeable in bank paper; and it becomes necessary to decide, whether any, and if any, what effect that amendment is to have upon the original judgment?

We have said that the judgment has been amend- ed, but we have so said because it is so denominated

---

*Margin notes:*

OWENS vs. HOLLIDAY.

Endorsement of the decla- ration by the plaintiff, that the bank pa- per would be received, does not empower the court to render judg- ment for the paper in kind, in a case not within the statute.

This court cannot, *ex officio*, notice, that damages equal to prin- cipal and in- terest, on a covenant for bank paper, dated before the act allow- ing the re- covery in kind, are ex- cessive.

An attempt, at a subse- quent term, to amend a judgment rightly ren- dered for spe- cie, so as to make it for bank paper, is nought.

by the court below, and not because it can, with strict propriety, be said to be an amendment. To amend, is to correct that which is erroneous, and needs correction; but to make that which is already correct erroneous, cannot with any propriety be said to be an amendment; and we have seen that the judgment, as originally rendered, was correct, and that the attempt to amend it was only calculated to make the judgment illegal and invalid. Such an effort is not to be indulged, and though allowed in the court below, cannot prevail in this court, so as to produce any effect on the judgment, as originally rendered.

The judgment is, therefore, affirmed with cost and damages.

*Hanson* for plaintiff; *French* for defendant.